```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION


United States of America,     )
                              )
     Plaintiff,               )
                              )
                              )
     v.                       )   No. 04 CR 464-30
                              )
Derrick White,                )
                              )
     Defendant                )
```

<u>Memorandum Opinion and Order</u>

Derek White was a low-ranking member of the Black Disciples street gang who was convicted of narcotics offenses in violation of 21 U.S.C. § 846 and related crimes. Although his conviction is based on charges contained in the superseding indictment of February 8, 2005, Mr. White has been in custody on related charges since May 8, 2001. He has filed a motion to reduce his sentence pursuant to Section 404 of the First Step Act (the "Act"), which I grant for the following reasons.

    Section 404(b) of the Act provides:

    (a) DEFINITION OF COVERED OFFENSE. In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010...that was committed before August 3, 2010.

    (b) DEFENDANTS PREVIOUSLY SENTENCED. A court that imposed a sentence for a covered offense may...impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010...were in effect at the time the covered offense was committed.

PL 115-391, 132 Stat 5194.

Although the Seventh Circuit has yet to weigh in on the question, other Courts of Appeals and the vast majority of district courts have held that eligibility under this section is determined categorically, based on the statute of conviction, rather than individually, based on the defendant's offense conduct. *See United States v. Smith*, --- F.3d ---, No. 19-1615, 2020 WL 1698797, at *3 (1st Cir. Apr. 8, 2020); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019); *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019); *see also e.g., United States v. Jones*, No. 96 CR 553-4, 2020 WL 1848210, at *3 (N.D. Ill. Apr. 13, 2020); *United States v. Williams*, 402 F. Supp. 3d 442, 448 (N.D. Ill. 2019); *United States v. Cross*, 397 F. Supp. 3d 1184, 1186 (N.D. Ill. 2019).[1]

As several judges in this district have observed, the categoric approach "eliminates a potential constitutional issue raised if section 404 eligibility turns on the defendant's conduct rather than on the offense of conviction." *Jones*, 2020 WL 1848210, at *4 (citing *Cross*, 397 F. Supp. 3d at 1189). The court explained in these cases

---

[1] While a handful of courts have come out the other way, *see, e.g., United States v. Glover*, 377 F. Supp. 3d 1346 (S.D. Fla. 2019); *United States v. Blocker*, 378 F. Supp. 3d 1125 (N.D. Fla. 2019); *United States v. Haynes*, No. 8:08CR441, 2019 WL 1430125, at *2 (D. Neb. Mar. 29, 2019), my view is aligned with the majority, as the government acknowledges.

that the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), together establish the proposition that "any fact that increases the statutorily prescribed mandatory minimum sentence must be submitted to and proven to a jury beyond a reasonable doubt." *Cross*, 397 F. Supp. 3d at 1189. While these cases "do not formally apply retroactively," *Jones*, 2020 WL 1848210, at *4, as the *Williams* court reasoned, "by 2018 Congress knew that courts were no longer constitutionally permitted to impose mandatory minimums based solely on judicial fact-finding at sentencing. Congress would not have expected federal courts to then double-down on those unconstitutional findings in applying the First Step Act." *Williams*, 402 F. Supp. 3d at 448.

That Mr. White was convicted of a multi-object conspiracy does not change the analysis. *See, e.g., United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020) ("we see nothing in the text of the Act requiring that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act."). District courts have also observed that nothing in the text of § 404(a) First Step Act:

> restricts eligibility to defendants who were only convicted of a singular violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act. So long as a defendant was convicted of "a violation"—i.e., at least one violation—for which the penalties were modified by section 2 or 3 of the Fair Sentencing Act, he or she is eligible for relief.

*United States v. Jones*, No. 3:99-cr-264-6 (VAB), 2019 WL 4933578, at *9 (D. Conn. Oct. 7, 2019). *See also Jones*, 2020 WL 1848210, at *5 (N.D. Ill. Apr. 13, 2020); *United States v. Opher,* 404 F.Supp.3d 853, 865-66 (D.N.J. 2019); *United States v. Medina,* No. 3:05-cr-58 (SRU), 2019 WL 3769598, at *2 (D. Conn. July 17, 2019). The government cites no authority for its contrary view that the Act applies to violations involving *only* crack cocaine. *See* Resp. at 7.[2]

For the foregoing reasons, I am satisfied that Mr. White is eligible for relief under the First Step Act and turn to the question of whether I should exercise my discretion in his favor. On the one hand, as the government notes, Mr. White shot and near-fatally injured an individual he knew was a police officer. Indeed, it was that particularly serious conduct that kept me from reducing his sentence to the fullest extent possible when granting the parties' joint motion under 18 U.S.C. § 3582(c)(2) in 2015. *See* DN 2555. On the other hand, Mr. White offers substantial evidence of his rehabilitation during his already lengthy incarceration, as well as evidence that he will have the support of his family upon his release. Without diminishing in the least the seriousness of Mr. White's conduct, I am not persuaded that his continued incarceration

---

[2] Although not cited by the government, there is some authority for its view. *See, e.g., United States v. Westbrook*, No. 09-714-2, 2019 WL 1543571 (D. S. C. Apr. 9, 2019) *United States v. Dewitt*, No. 12-183, 2019 WL 2537292 (S.D. Ohio June 20, 2019); *United States v. Smith*, No. 02-448, 2019 WL 2330482 (M.D. Fla. May 31, 2019). I do not find these decisions persuasive.

will provide additional deterrence beyond the nineteen years he has already served. Accordingly, I exercise my discretion to grant his motion for a reduced sentence to time served.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: April 16, 2020